THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv379

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FORD F350 TRUCK, )<br>VIN: 1FTWW32F81EB50096, )<br>)<br>Defendant. )<br>_____) | DEFAULT JUDGMENT<br>OF FORFEITURE |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment, Entry of Judgment, and Final Order of Forfeiture [Doc. 8].

## PROCEDURAL AND FACTUAL HISTORY

The Plaintiff initiated this action for civil *in rem* forfeiture on November 27, 2012. [Doc. 1]. In the Verified Complaint for Forfeiture *in Rem*, it is alleged that on July 10, 2012, Deputy Sheriff David McMurray (McMurray) stopped a Ford F350 truck for speeding on Interstate 40 in Buncombe County, North Carolina. [Doc. 1 at 2]. The driver of the vehicle was Lewis Albert Sanders (Sanders), the sole occupant and owner of the truck. [Id.]. The truck was titled in Nevada and had a Nevada license plate. [Id.].

1

During the traffic stop, Sanders told the deputy that he had $20,000.00 in currency in the truck. [Id.]. A few minutes later, Sanders told the deputy that there was a different amount of currency in the truck. [Id. at 3]. McMurray deployed his narcotics detection canine to the outside of the truck and the canine alerted to the truck. [Id.]. In the cab of the truck, McMurray found currency in a duffle bag as well as a bank bag. [Id.]. McMurray also found that the auxiliary fuel tank for the truck had two compartments. [Id.]. One compartment contained currency; the other compartment contained 580 grams of marijuana. [Id.]. A total of $132,870.00 in United States currency was seized from the truck. [Id.].

In the Complaint, it is alleged that the vehicle was used to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of 21 U.S.C. §841. [Id.]. Property which is used to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of 21 U.S.C. §841, is subject to forfeiture to the United States. 21 U.S.C. §881(a)(4). It is also alleged in the Complaint that Sanders is identified as having a possible claim to the property. [Id. at 4].

On August 31, 2012, Sanders made a written claim of ownership of

the truck under penalty of perjury by sending a letter to the Drug Enforcement Agency (DEA) which had begun an administrative forfeiture proceeding. [6-1 at 1]. Once a DEA forfeiture proceeding is contested, it must be referred to the United States Attorney's office for judicial forfeiture proceedings. 19 U.S.C. §1608; 21 C.F.R. §1316.78. The DEA turned the matter over to the United States Attorney for the Western District of North Carolina for the initiation of this judicial forfeiture proceeding.

Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions requires the government to send "notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government[.]" On November 28, 2012, the United States sent personal notice of this forfeiture action to Sanders at his residence by certified mail, return receipt requested. [Doc. 6-2 at 1]. The notice, which included a copy of the Complaint, contained the information that the vehicle had been seized, notified Barry of this forfeiture action and provided notice of his right to submit a verified claim. [Id.]. The notice was received. [Id.]. No answer or claim was filed by Sanders.

Although Sanders filed a claim in the DEA administrative forfeiture

3

proceeding, he did not file a claim or answer in this civil forfeiture action. Rule G(5)(a) & (b), <u>Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions</u>. The "'filing of the earlier administrative claim is not a substitute for the claim that must be filed with the court under Rule C(6) [and/or Rule G].'" <u>United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars in United States Currency</u>, 183 Fed. App'x. 237, 241 (3rd Cir. 2006) (quoting David B. Smith, <u>Prosecution and Defense of Forfeiture Cases</u>, §9.04[1]); <u>United States v. $23,000</u>, 356 F.3d 157, 166 (1st Cir. 2004); <u>United States v. $2,857.00</u>, 754 F.2d 208, 214 (7th Cir. 1984) ("A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief.").

In addition to mailing notices, the Government also provided notice by publication on the official internet government forfeiture site, www.forfeiture.gov, for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [Doc. 5].

No person or entity has filed a claim or answer in this action. On February 8, 2013, the Government moved for entry of the default. [Doc. 6]. On February 15, 2013, the Clerk of Court entered default. [Doc. 7]. On

March 4, 2013, the Government moved for a default judgment of forfeiture. [Doc. 8].

## DISCUSSION

The Government has shown that the Ford F350 truck was used to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of 21 U.S.C. §841. Property which is used to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of 21 U.S.C. §841, is subject to forfeiture to the United States. 21 U.S.C. §881(a)(4).

In addition to the personal notices, the Government provided publication of notice on the official internet government forfeiture site, www.forfeiture.gov, for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Whiting v. United States, 231 F.3d 70, 76 (1st Cir. 2000) ("Due process requires the government to afford an owner 'notice and an opportunity to be heard' before civilly forfeiting his property, but actual *receipt* of notice by the defendant is not automatically required. Rather, ... due process requires the provision of 'notice reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (internal quotation and citations omitted).

The Court finds that the allegations of the complaint and the supplemental filings establish that the vehicle at issue was used to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances. The Court also finds that the Government has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is therefore appropriate.

## JUDGMENT

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Default Judgment, Entry of Judgment, and Final Order of Forfeiture [Doc. 8] is hereby **GRANTED** and Default Judgment against the Defendant Ford F350 Truck, VIN: 1FTWW32F81EB50096 is hereby **ENTERED** in favor of the United States of America.

Signed: April 15, 2013

Martin Reidinger
United States District Judge